UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CLAUDE SAFARI,

    Petitioner,

    v.                                CAUSE NO. 3:26-CV-41-CCB-SJF

WARDEN,

    Respondent.

## OPINION AND ORDER

Immigration detainee Claude Safari,[1] representing himself, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is confined by Immigration and Customs Enforcement (ICE) in violation of the laws or Constitution of the United States. ECF 1. The Warden answered the petition, and Claude has filed his reply. ECF 8, ECF 10. For the following reasons, the court will deny the petition.

Claude is a native of Rwanda and a citizen of the Democratic Republic of the Congo. ECF 8-1 at 2. He was admitted to the United States in 2017 as a refugee, but he was ordered removed on August 12, 2025, based on charges that he was convicted of two crimes involving moral turpitude, 8 U.S.C. § 1227(a)(2)(A)(ii), and that he violated an order of protection, 8 U.S.C. § 1227(a)(2)(E)(ii). *Id.* at 2, 5, 7. He waived his right to appeal. *Id.* at 8.

---

[1] In previous orders, petitioner was called Safari Claude. But recent filings have made clear that his name is Claude Safari, and the docket in this case has been updated accordingly.

On November 6, 2025, ICE conducted a custody review determination to determine Safari's custody status following the end of the mandatory 90-day removal period. ECF 8-2. Based on a review of the file and an interview with Safari, ICE determined that Safari posed a danger to the community and that he would remain in ICE custody following the removal period. *Id.* at 14. ICE is currently pursuing a formal request for travel documents on behalf of Safari to the Democratic Republic of Congo to effectuate his removal.

The Warden first argues that this court lacks subject matter jurisdiction over the petition due to 8 U.S.C. §§ 1252(g) and 1252(b)(9). This argument has already been considered and rejected by this court. *See Pho v. Noem*, No. 3:25-CV-977-CCB-SJF, 2025 WL 3750684, at *2 (N.D. Ind. Dec. 29, 2025) (Brisco, J.); *See Vu v. English*, No. 3:25CV999 DRL-SJF, 2026 WL 194171, at *2–3 (N.D. Ind. Jan. 26, 2026) (Leichty, J.). For the same reasons given in *Pho* and *Vu*, the court determines it has subject matter jurisdiction over the petition.

Beyond this, the Warden argues that Safari's detention is lawful under 8 U.S.C. § 1231(a)(6) because Safari's detention beyond the removal period is authorized and he is still in the 6-month detention period the Supreme Court found to be presumptively reasonable following a final order of removal.

By statute, noncitizens who are subject to a final order of removal must be detained for a period of 90 days, during a "removal period." 8 U.S.C. 1231(a)(1), (a)(2). If a noncitizen cannot be removed within that 90-day removal period, the statute authorizes further detention for three groups of noncitizens: (1) those who are

2

inadmissible under 8 U.S.C. § 1182, (2) those who are removable under 8 U.S.C. §§ 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4), or (3) those who have "been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal." 8 U.S.C. § 1231(a)(6). All other noncitizens who have not been removed in that 90-day period are to be released subject to supervision. 8 U.S.C. § 1231(a)(3). Here, the Warden provides evidence that ICE determined that Safari would be a risk to the community if he were released. Safari contests the validity of that review, arguing that the review was not conducted properly. But even setting aside the finding of dangerousness, he was removed pursuant to 8 U.S.C. § 1227(a)(2), and that alone authorizes his detention beyond the removal period. *See* 8 U.S.C. § 1231(a)(6).

For those noncitizens who are subject to continued detention under § 1231(a)(6), the statute seemingly authorizes indefinite detention if their removal cannot be carried out. But the Supreme Court read "an implicit limitation" into the statute, namely that the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). In recognition of the Executive Branch's primary responsibility in foreign policy matters and the sometimes sensitive nature of repatriation negotiations that may call for difficult judgments regarding whether removal is reasonably foreseeable, the Supreme Court adopted a "presumptively reasonable period of detention" of six months. *Id.* "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that

3

showing." *Id.* at 701. Here, Safari's removal order became final on August 12, 2025, when he waived his right to an appeal. *See* 8 C.F.R. § 1241.1(b). Thus, when he filed this petition in January 2026, he was still in the presumptively reasonable six-month period of detention. The case crossed the 6-month mark while the petition was being briefed. But that alone does not get Safari the relief he seeks because he has not presented anything to meet his initial burden to show good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.

For these reasons, the court **DENIES** the petition (ECF 1) and **DIRECTS** the clerk to close this case.

SO ORDERED on February 23, 2026.

/s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT